UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVETTE KALLON KAMARA,

                Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-3672 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Evette Kallon Kamara ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 405(g) alleging the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Defendant now moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem."), ECF No. 22. For the reasons set forth below, Defendant's motion is **GRANTED**.

## BACKGROUND

On May 29, 2014, Plaintiff applied for benefits for DIB and SSI under Titles II and XVI of the Social Security Act ("the Act"). *See* Decl. of Cristina Prelle ("Prelle Decl."), Ex. 1 at 9, ECF No. 22-1. Plaintiff alleged disability beginning January 1, 2014. *Id.* The applications were denied initially on September 18, 2014. *Id.* On November 3, 2014, Plaintiff filed a written request for a hearing with respect to the denial of her applications, and on November 10, 2016, Plaintiff appeared at a video hearing before Administrative Law Judge ("ALJ") Sheena Barr. *Id.* at 9, 19. On March 6, 2017, ALJ Barr issued a decision denying Plaintiff's applications and mailed a copy of this decision to Plaintiff. *See id.*; Prelle Decl. ¶ 3(a).

Plaintiff then asked the Appeals Council to review the ALJ's decision. Prelle Decl. ¶ 3(a). On February 9, 2018, the Appeals Council denied Plaintiff's request for review of the

ALJ's decision via written notice. *See* Prelle Decl. Ex. 2 at 1, 4. The notice informed Plaintiff of her right to commence a civil action within 60 days of the date of receipt of the notice. *Id.* at 3. The notice also included the following information:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.* at 2-3. The notice also provided information regarding how to file a civil action in the United States District Court. *Id.*

On May 24, 2018, Plaintiff filed a complaint alleging Defendant improperly denied her DIB and SSI applications. *See* Compl., ECF No. 1.[1] In the Complaint, Plaintiff alleges she received the Appeals Council's notice on April 19, 2018—over two months after the date of the notice. *Id.* ¶ 8. Plaintiff listed her address in the Complaint as 260 Parkhill Avenue, Apt. 44, Staten Island, NY 10304. *Id.* at 3. The Appeals Council's notice was affixed to the Complaint. *See id.* at 6-10.

The Social Security Administration has reviewed its files and has no record of Plaintiff asking the Appeals Council to extend the deadline to file a civil complaint. Prielle Decl. ¶ 3(b).

On March 28, 2019, Defendant filed a Motion to Dismiss Plaintiff's action because it was not timely filed and there is no basis to toll the 60-day requirement. *See* Def. Mem. Plaintiff

---

[1] Plaintiff originally filed her complaint in the United States District Court for the Southern District of New York. The case was transferred to the United States District Court for the Eastern District of New York on June 18, 2018. *See* Compl.; Notice of Transfer, ECF No. 6.

filed a memorandum in opposition to Defendant's Motion to Dismiss, but she did not address any of Defendant's claims and reiterated she believed Defendant did not properly review her case. *See* Pl. Mem. in Opp. to Mot. to Dismiss, ECF No. 23.

## STANDARD OF REVIEW

When ruling on a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), courts must construe the complaint "liberally, accepting all factual allegations . . . as true, and drawing all reasonable inferences in the plaintiffs favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive dismissal. *Sharkey v. Quarantillo*, 541 F.3d 75, 92 (2d Cir. 2008) (citing *Bell Atl. Corp. v Twombly*, 550 U.S. 544 (2007)). A complaint must be dismissed when, "the allegations in [the] complaint, however true, cannot raise a claim of entitlement to relief" as a matter of law. *Twomblv*, 550 U.S. at 558.

## DISCUSSION

Defendant argues the Court should dismiss Plaintiff's action because: (1) Plaintiff's action was not timely filed; and (2) there is no basis to toll the 60-day period specified in Section 205(g) of the Act. *See* Def. Mem. at 2-4. As noted above, Plaintiff filed a response but did not address any of Defendant's arguments or provide any reason for the delay in allegedly receiving the Appeals Council notice.

A party seeking to sue the United States and its agencies or employees must identify a specific statutory provision that clearly waives the government's sovereign immunity. *United*

3

*States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Congress provided a partial waiver of sovereign immunity in 42 U.S.C. § 402(g) by permitting judicial review of a Commissioner's denial of benefits for DIB and SSI. *See* 42 U.S.C. 405(g). However, the statute provides in relevant part:

> Any individual, after any final decision of the commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* The explicit 60-day time limit is "a condition on the waiver of sovereign immunity and thus must be strictly construed"—even if the plaintiff is *pro se*. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *see also Natale v. Comm'r of Soc. Sec.*, 2017 WL 3309734, at *2-3 (S.D.N.Y. Aug. 2, 2017) (Parker, M.J.) (dismissing *pro se* plaintiff's complaint that was filed one day late). There is a rebuttable presumption that the date of receipt is five days after the date of notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. § 422.210(c).

Here, the notice from the Appeals Council was mailed on February 9, 2018, and therefore Plaintiff's receipt of the notice was presumed by February 14, 2018. Plaintiff then commenced her civil action on May 24, 2018, which is past the 60-day deadline. There is no evidence Plaintiff requested an extension of time from the Appeals Council; thus, Plaintiff should have filed her complaint by April 16, 2018. But she did not do so until over one month later. Furthermore, the notice, which Plaintiff attached to her complaint, clearly delineated the statutory requirements for filing a civil action under the Act. The notice states: (1) Plaintiff has "60 days to file a civil action"; (2) the 60-day period begins "the day after you receive this letter," receipt of which is presumed to be "5 days after the date on it unless you show us that

you did not receive it within the 5-day period"; and (3) Plaintiff could "ask the Appeals Council to extend [her] time to file" but "must have a good reason for waiting more than 60 days to ask for court review" and "must make the request in writing and give [her] reason(s) in the request." Prelle Decl. Ex. 2 at 2-3. Although Plaintiff alleges in her complaint she received the notice on April 19, 2018, she fails to provide any evidence (let alone substantive evidence) of such a delay. *See generally* Compl.; *see also Liranzo v. Astrue*, 07-CV-5074 (CBA), 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2019) (Amon, J.) (concluding a plaintiff failed to rebut the presumption of receipt because he did not make a "reasonable showing" to the contrary). Plaintiff fails to make a reasonable showing to rebut the presumption she received notice by February 14, 2018 and fails to substantiate her mere assertion she received notice on April 19, 2018.

Plaintiff's failure to file her complaint on time may nevertheless be excused by the principle of equitable tolling. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). A late-filing plaintiff bears the burden of proving two factors to justify tolling the 60-day time limit. First, a plaintiff must show "extraordinary circumstances" prevented her from filing on time. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Under this standard, a litigant must also demonstrate a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Second, the plaintiff must prove she acted with "reasonable diligence" in pursuing her application during the period she seeks to toll. *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).

The record in the instant action does not show any evidence of "extraordinary circumstances" or "reasonable diligence" on the part of Plaintiff that would render equitable tolling appropriate. As noted above, the Appeals Council apprised Plaintiff of her appeal rights

5

in its notice denying review, including her right to request an extension for good cause. *See* Prelle Decl. Ex. 2 at 3. Plaintiff has not shown she asked the Appeals Council for an extension of time to file within the requisite 60-day period or attempted to file her complaint within the 60-day period. Consequently, equitable tolling is not appropriate in this case. *See Bender v. Astrue*, 2010 WL 3394264, at *4-6 (E.D.N.Y. Aug. 23, 2010) (Matsumoto, J.) (concluding plaintiff failed to demonstrate extraordinary circumstances or due diligence because "poor health is generally not grounds for equitable tolling under 42 U.S.C. § 402(g)" (internal quotation marks omitted)).

Because the Court finds Plaintiff did not timely file her Complaint and there is no basis for the Court to toll the applicable limitations period under the doctrine of equitable tolling, dismissal is appropriate. *See Pressley v. Astrue*, 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013) (Roman, J.) (dismissing complaint filed five days late where equitable tolling was not warranted); *Smith v. Comm'r of Soc. Sec.*. 08-CV-1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (Garaufis, J.) (dismissing *pro se* complaint filed four days late).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, ECF No. 21, is GRANTED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2019
Brooklyn, New York

6